**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Civil Action No.

CHRISTOPHER JOHN EMMEL, an individual,

     Plaintiffs,

                                           **JURY TRIAL DEMANDED**

v.

FUTURE MOTION, INC., a California
Corporation,

     Defendant.

---

## COMPLAINT

Plaintiff, CHRISTOPHER JOHN EMMEL, (hereinafter referred to as "Plaintiff" or "Christopher"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **FUTURE MOTION, INC.** (hereinafter referred to as "Defendant Future Motion," "Future Motion," and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant Future Motion designs, develops, manufactures, produces, markets, and sells a line of personal "riding machines" commonly referred to as "Onewheel(s)."  The Onewheel, which Defendant hails as a product that "bridge[s] recreation and transportation,"[1] is a self-balancing electric skateboard with a single wheel in the middle of the board, and front and rear footpads where the rider stands astride the wheel.  There are several variations of the

---

[1] *See* https://onewheel.com/pages/about-us (last accessed September 6, 2023).

Onewheel including, but not limited to, Onewheel, Onewheel+, Onewheel+ XR, Onewheel Pint, Onewheel Pint X, and Onewheel GT.

2.      The Onewheel is operated, controlled, and monitored, in part, by an application ("app") that users can download and install on their phones. The app allows users to customize their ride with what the company refers to as "Digital Shaping" and allows the user to monitor battery status, toggle the LED lights on the board, and track riding data.[2]  Upon information and belief, the Onewheel application was also developed and designed by Defendant Future Motion.

3.      On or about the evening of June 22, 2022, Christopher was riding his Onewheel Pint. During the ride, Christopher's Onewheel suddenly and unexpectedly stopped; violently throwing him from the device. Christopher was knocked unconscious and was eventually found by someone passing by who called for an ambulance. His wife was later contacted by the police.

4.      Christopher was ultimately diagnosed with, *inter alia*, a 1) left temporoparietal subdural hematoma, (2) right parietal convexity subdural hemorrhage, (3) subarachnoid hemorrhage, (4) left temporal bone fracture, and (5) traumatic brain injury. This incident continues to plague Christopher, and will for the rest of his life.

5.      On or about November 16, 2022, the Consumer Product Safety Commission issued a warning[3] urging consumers to stop using all Onewheel models which have been sold since 2013, including the Onewheel Pint model at issue in this case.

6.      The CPSC's investigation found that Onewheels can fail by either failing to balance the rider or by stopping suddenly while in motion, causing the rider to be suddenly and forcefully

---

[2] *See* https://onewheel.com/pages/using-the-app (last accessed September 6, 2023).
[3] *See* https://www.cpsc.gov/Newsroom/News-Releases/2023/CPSC-Warns-Consumers-to-Stop-Using-Onewheel-Self-Balancing-Electric-Skateboards-Due-to-Ejection-Hazard-At-Least-Four-Deaths-and-Multiple-Injuries-Reported A Copy of the CPSC's Warning is attached hereto as Exhibit A and is incorporated by reference.

ejected from the product, which can result in serious injury or death to the rider; just as the Subject Onewheel did in this case.[4]

7.      The CPSC also stated that between 2019 and 2021, there were **at least four deaths** reported and multiple reports of serious injuries after the product failed to balance the rider or suddenly stopped while in motion.[5]

8.      Despite the CPSC's findings and urgent warnings, Future Motion ***refused***[6] to agree to recall its Onewheels, demonstrating a callous disregard for the rights and safety of consumers, including Christopher.

9.      Future Motion manufactured its Onewheels with a defect that made them inherently dangerous.

10.     As a direct and proximate result of Defendant Future Motion's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

11.     Consequently, Plaintiff brings this case as a direct and proximate result of the strict products liability and negligence of Defendant Future Motion. Plaintiff also seeks an award of punitive damages for Future Motion's deliberate disregard for the rights or safety of others.

## PLAINTIFF CHRISTOPHER JOHN EMMEL

12.     Plaintiff Christopher John Emmel is a resident and citizen of the city of Ramsey, County of Anoka, State of Minnesota and is 42 years old.

13.     On or about the evening of June 22, 2022, Christopher was riding his Onewheel Pint. During the ride, Christopher's Onewheel suddenly and unexpectedly stopped; violently throwing

---

[4] *Id*.
[5] *Id*.
[6] *Id*.

him from the device. Christopher was knocked unconscious and was eventually found by someone passing by who called for an ambulance. His wife was later contacted by the police.

14.    Christopher was ultimately diagnosed with, *inter alia*, a 1) left temporoparietal subdural hematoma, (2) right parietal convexity subdural hemorrhage, (3) subarachnoid hemorrhage, (4) left temporal bone fracture, and (5) traumatic brain injury. This incident continues to plague Christopher, and will for the rest of his life.

## DEFENDANT FUTURE MOTION, INC.

15.    Defendant Future Motion designs, develops, manufactures, produces, distributes, markets, and sells a line of personal electronic transportation devices called "Onewheel(s)," including, but not limited to, Onewheel, Onewheel+, , Onewheel Pint X, Onewheel GT, Onewheel+ XR, and the Onewheel Pint model that is at issue in this case.

16.    Future Motion is a corporation existing under the laws of Delaware with its principal place of business located at 1201 Shaffer Road, Suite A, Santa Cruz, CA 95060.  Future Motion is a corporate citizen of Delaware and California.  Future Motion may be served with process by servicing its registered agent, Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware 19901.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

18.    This Court has personal jurisdiction over this case and Defendant in that Defendant regularly and persistently engaged in the business of marketing distributing, advertising, and/or selling Onewheels in the state of Florida and for use by consumers in the State of Florida, and has

4

transacted and conducted business within the State of Florida that relates to the allegations in this Complaint.

19.    Defendant expected or should have expected its acts to have consequences within the State of Florida and derived substantial revenue from interstate commerce related to Onewheels sold and used in the State of Florida.

20.    Defendant purposefully availed itself of the privilege of conducting activities within the State of Florida, thus invoking the benefits and protections of its laws.

21.    At all times relevant herein, Defendant conducted substantial business in Florida and purposely availed itself of the privilege of doing business in Florida by knowingly marketing, distributing, selling and shipping products, including Onewheels like the Subject Onewheel, into Florida for sale to consumers in this state. Further, this action arises from Defendant Future Motion's conduct directed toward Florida, arises from a tort committed in whole or in part within Florida, relates to Defendant's regular and persistent manufacture, supply and sale of Onewheels, and resulted in injuries in Florida. Therefore, personal jurisdiction is proper as to Defendant.

22.    Jurisdiction over Defendant is also proper under the due process provisions of the Florida and United States constitutions. *See e.g. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

23.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff was injured in the State of Florida, was initially treated by Florida medical providers, and a substantial part of the events or omissions giving rise to the claim occurred in the State of Florida.

24.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

25.    On or about the evening of June 22, 2022, Christopher was riding his Onewheel Pint. During the ride, Christopher's Onewheel suddenly and unexpectedly stopped; violently throwing him from the device. Christopher was knocked unconscious and was eventually found by someone passing by who called for an ambulance. His wife was later contacted by the police.

26.    Christopher was ultimately diagnosed with, *inter alia*, a 1) left temporoparietal subdural hematoma, (2) right parietal convexity subdural hemorrhage, (3) subarachnoid hemorrhage, (4) left temporal bone fracture, and (5) traumatic brain injury. This incident continues to plague Christopher and will for the rest of his life.

27.    Defendant Future Motion is engaged in the business of designing, developing, manufacturing, producing, distributing, marketing, and selling a line of personal "riding machines" commonly referred to as "Onewheel(s)."  The Onewheel, which Defendant hails as a product that "bridge[s] recreation and transportation,"[7] is a self-balancing electric skateboard with a single wheel in the middle of the board, and front and rear footpads where the rider stands astride the wheel.  There are several variations of the Onewheel including, but not limited to, Onewheel Pint that is at issue in this case.

28.    Future Motion touts its Onewheel as a revolutionary device, boasting that in designing the Onewheel, Future Motion Founder and CEO, Kyle Doerksen, had "created a riding experience so beautiful folks could hardly believe it" and that the Onewheel "has been helping to bring thousands of riders pure-joy moments ever since."[8]  Defendant further claims that their mission "[a]ll comes down to creating vehicles from the future and riding them into the sunset with an ear-to-ear grin."[9]

---

[7] *See* https://onewheel.com/pages/about-us (last accessed September 6, 2023).
[8] *See* https://onewheel.com/pages/about-us (last accessed September 6, 2023).
[9] *Id*.

In reality, Future Motion created a catastrophically dangerous product which leaves consumer far from grinning.

A.    **The Onewheel's Faulty "Pushback" Feature**

29.    On November 16, 2022, the Consumer Product Safety Commission ("CPSC") issued a warning telling consumers to *immediately* stop using all Onewheel models, including the Onewheel, Onewheel+, Onewheel Pint X, Onewheel GT,  Onewheel+ XR,  and Onewheel Pint which is the subject of this present action.[10]

30.    The CPSC's investigation found the Onewheels products can cause the rider to be ejected from the product, which can result in serious injury or death to the rider; just as the Subject Onewheel did in this case.[11]

31.    In its report, the CPSC stated that between 2019 and 2021, there were ***at least* four deaths** reported and multiple reports of serious injuries after the product failed to balance the rider or suddenly stopped while in motion.[12]

32.    This failure occurs as a result of defects with one of the Onewheel's supposed safety processes, which Defendant calls "Pushback."   On its website, Future Motion describes this purported "safety feature" as follows:

> Pushback is a safety feature that lets the rider know they have reached the limits of the board and that they need to lean back and slow down.  During Pushback, the nose of the board will lift gradually, signaling the rider to shift their weight back to slow down. It is absolutely critical to rider safety that Pushback is always respected. Pushback is not an arbitrary speed limit that we have decided upon to hold you back. It defines the actual limit that the board can safely go based on a number of parameters including tire pressure, rider weight, terrain, speed, charge levels, etc.
>
> …

---

[10] *See* Ex. A.
[11] *Id*.
[12] *Id*.

You will also experience a Pushback warning when your Onewheel is running out of battery or in an overcharge situation (your board is charged to 100% and you go down hill, overcharging the battery). In these instances, it's important to lean back to slow down to a stop and then dismount the board.

*See* https://onewheel.com/pages/faq (last accessed September 6, 2023).

33.     A user may additionally experience Pushback based on an "error" state.  In these scenarios, the user is meant to get off the board to determine the cause of the error.  Often, the device needs to be restarted to clear the error state.

34.     Future Motion asserts that the Onewheel will ***only*** nosedive – meaning the board will suddenly shut down and cause the rider to be ejected from the board – if the rider ignores or pushes through Pushback in one of the above-mentioned scenarios.  However, in some cases, the Onewheel either unexpectedly shuts off during ordinary use or the Pushback notice is not noticeable to consumers, which can cause the nosedive.  The result is that the Onewheel will suddenly stop, ejecting the rider off of the device and posing a serious risk of injury and death to consumers.

**B.     Future Motion "Pushes Back" Against the Consumer Product Safety Commission**

35.     Despite the CPSC's findings and its appeals to Future Motion, Future Motion has ***refused***[13] to agree to recall its Onewheels, demonstrating a callous disregard for the rights and safety of consumers, including Christopher.

36.     The CPSC was so concerned for consumer safety, that on November 16, 2022, Commissioner Trumka issued a public statement specifically addressing the CPSC advisory and Future Motion's refusal to recall its deadly Onewheel skateboard.  In the statement, Commissioner Trumka indicated that "CPSC asked Future Motion to stop selling the Onewheel and to advise its

---

[13] *Id.*

customers not to use this product.  The company **_refused_**.  Future Motion is **_unwilling to take_** **_appropriate action to fix a product hazard that has killed people._**"[14]

37.     The Commissioner urged consumers to immediately cease all use of Onewheels, advising that "[the Onewheels] **_are not worth dying for_**."[15]

38.     Despite the CPSC's warnings and reports of **_at least four deaths_**, Future Motion maintains that its Onewheels are safe, claiming that the product "is safe to ride and tens of thousands of riders enjoy riding Onewheel safely everyday…in fact, it's probably the easiest boardsport in the world."[16]

39.     Instead of recalling and issuing a stop sale on what is clearly an unreasonably dangerous product, Future Motion has not only doubled-down its claims of safety, but has accused the CPSC of having ulterior motives for the recall and of trying to quash innovation.  In a press release issued by Future Motion on the day of CPSC warning, Future Motion calls the CPSC warning – which was issued after **four people died** - "unjustified" and "alarmist."[17]  The press release included multiple statements calling into question the CPSC's warning, a tactic which Future Motion has continued to use across social media outlets and on its podcast:

- "Yet the *CPSC is unjustifiably treating the Onewheel community very differently*, and *singling out the Onewheel* because it is a new technology."[18] (emphasis added)

- "While the content of the agency's recent press release is extraordinarily *disappointing and misleading* . . ."[19] (emphasis added)

---

[14] *See* https://www.cpsc.gov/About-CPSC/Commissioner/Richard-Trumka/Statement/Future-Motion-Refuses-to-Recall-Deadly-Onewheel-Skateboard. A copy of Commissioner Trumka's Statement is attached hereto as Exhibit B and is incorporated by reference.
[15] *Id*.
[16] *See* https://www.onewheel.com/pages/faq (last accessed September 6, 2023).
[17] *See* "Future Motion Responds to the CPSC's Unjustified and Alarmist Claims Regarding Onewheels," attached hereto as Exhibit C and incorporated by reference.
[18] *Id*. at p. 2.
[19] *Id*. at p. 3.

- "We strongly disagree with the CPSC's *unjustified* and *alarmist* claims, and *we see no reason for riders to stop using their boards*."[20] (emphasis added)

- "'Why is this Onewheel specific? . . . Like why are they pointing at us? And the only thing I can think of, correct me if this is incorrect, but [this is] one of the only ones that is made in the United States. Does that have something to do with this?' 'Yeah, that does have something to do with this because they know where to find us.'"[21]

- "Dear CPSC… we urge you to work with us to make this new sport as safe as possible *instead of suppressing this growing movement*."[22] (emphasis added)

- "…public rejection of the CPSC's *unwarranted attack on Onewheels press* may have been surprising to the agency…"[23]

40.    Future Motion has also taken to the internet, podcasts, and social media to double-down on their claims of "safety," stating:

- "We built safety into our boards from our fist model and have made continual improvements in product safety over the next five generations we have brought to the market."[24]

- "Onewheels are a *safe low-speed activity*, especially when measured against other common forms of recreational transportation."[25] (emphasis added)

- "We know our boards are safe and our dedicated customers operate Onewheels safely every day across the U.S. and worldwide."[26]

- "[t]he fact is: Onewheels are safe when operated following common-sense safe riding practices that are common to any boardsport. *Onewheel boards are not defective*."[27] (emphasis added)

---

[20] *Id*. at p. 1.
[21] Kyle Doerksen & Jack Mudd, What's Actually Happening With The CPSC?, The Onewheel Podcast (Nov. 23, 2022),
https://www.youtube.com/watch?v=u0togKI7SIw&list=PLwHhGWG1Ijyv_16ptqZQTD_1M_a3C22Ko&index=5 at 36:20-37:00.
[22] *See* @onewheel's Instagram post, dated November 16, 2022,
https://www.instagram.com/p/ClCSNuJyylo/?img_index=1 (last accessed September 6, 2023).
[23] *See* "Onewheel Community Delivers over 4,000 Letters to CPSC Defending the Right to 'Let Us Ride!'," attached hereto as Exhibit D and incorporated by reference.
[24] *See* Ex. C, p. 2.
[25] *Id*.
[26] *Id*. at p. 3.
[27] *See* Ex. D at p. 3.

- "On a per-mile and per-vehicle basis, Onewheels have lower rates of serious injury than these other popular motion products, all of which are capable of much higher speeds."[28]

- "This is twice as safe as riding a bicyicle."[29]

- "It is more than ten times as safe as riding a motorcycle or ATV."[30]

- "All board and recreational sports carry inherent risk of crashes and injury, such as 'going over the bars' on a mountain bike or 'catching an edge' on a snowboard."[31]

41.    Future Motion has not only intentionally failed to take any action to recall or stop the sale of its Onewheels, but *__it has purposefully gone out of their way to reassure consumers that its product is not defective__*.

42.    By reason of the forgoing acts or omissions, Plaintiff used his Onewheel with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use.

43.    Plaintiff used his Onewheel for its intended purpose as a recreational mode of transportation, and did so in a manner that was reasonable and foreseeable by Defendant.

44.    However, the aforementioned Onewheel was defectively designed and manufactured by Defendant as described above, placing the Plaintiff and similar consumers in grave danger.

45.    Further, Defendant's statements and representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

46.    Defendant knew or should have known that its Onewheels possessed defects that pose a

---

[28] *See* Ex. C at p. 2.
[29] Kyle Doerksen & Jack Mudd, What's Actually Happening With The CPSC?, The Onewheel Podcast (Nov. 23, 2022), https://www.youtube.com/watch?v=u0togKI7SIw&list=PLwHhGWG1Ijyv_16ptqZQTD_1M_a3C22Ko&index=5 at 39:06 – 39:16.
[30] *Id*. at 39:12 – 39:16.
[31] *See* Ex. C at p. 2.

serious safety risk to Plaintiff and the public.  Nevertheless, Defendant continues to not only ignore and/or conceal its knowledge of these defects from the general public, but actively engages in attempts to discredit CPSC warnings and to reassure the public that its products are actually safe. All the while, Future Motion continues to generate a substantial profit from the sale of its Onewheels, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like him.

47.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its negligent design of its products, its failure to remove a product with such defects from the stream of commerce, its failure to stop the sale of dangerously defective products to consumers, its failure to heed CPSC warnings and requests, and its disparagement of the CPSC's investigation, Plaintiff used an unreasonably dangerous product, which resulted in significant and painful bodily injuries.

48.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Future Motion's Onewheel as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

49.    Plaintiff incorporates by reference paragraphs 1 - 48 as though set forth fully at length herein.

50.    At the time of Plaintiff's injuries, Defendant Future Motion's Onewheel products were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

51.     Defendant's Onewheels were in the same or substantially similar condition as when they left the possession of the Defendant.

52.     Plaintiff did not misuse or materially alter the Onewheel.

53.     The Onewheels did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

54.     Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the Onewheels safe. Specifically:

- The Onewheels designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

- The seriousness and risk of severe injuries and death resulting from the product drastically outweigh any benefit that could be derived from the Onewheel's normal, intended use;

- Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Onewheels, despite having extensive knowledge that the aforementioned injuries could and did occur;

- Defendant failed to warn and place adequate warnings and instructions on the Onewheels;

- Defendant failed to adequately test the Onewheels;

- Defendant failed to recall and/or stop the sale of its Onewheels after discovery of these serious and deadly defects; and

- Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

55.     Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

56.    Despite the fact that Defendant knew or should have known of the aforementioned defects and the risks posed to consumers, Defendant continued to market its Onewheels to the general public (and continues to do so).

57.    Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Onewheels, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, recall, issue a stop sale, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Future Motion for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

58.    Plaintiff incorporates by reference paragraphs 1 - 48 as though set forth fully at length herein.

59.    Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective products that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

60.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its Onewheels in that Defendant knew or should have known that said Onewheels created a high risk of unreasonable harm to the Plaintiff and consumers alike.

14

61.     Defendant was negligent in the design, manufacture, advertising, warning, marketing, and sale of its Onewheels in that, among other things, it:

- Failed to use due care in designing and manufacturing the Onewheels to avoid the aforementioned risks to individuals;

- Placed an unsafe product into the stream of commerce;

- Aggressively over-promoted and marketed its Onewheels through social media and other advertising outlets;

- Failed to timely recall and/or issue a stop sale of its Onewheels after being advised to do so by the CPSC; and

- Was otherwise careless or negligent.

62.     Despite the fact that Defendant knew or should have known of the aforementioned defects and the risks posed to consumers, Defendant continued to market its Onewheels to the general public (and continues to do so).

63.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Onewheels, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, recall, issue a stop sale, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT III

## <u>BREACH OF EXPRESS WARRANTY</u>

64.     Plaintiff incorporates by reference paragraphs 1 - 48 as though set forth fully at length herein.

65.     Defendant Future Motion designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject Onewheel, which was purchased by Plaintiff.

66.     The Onewheels were defective and unreasonably dangerous at the time they left the possession and control of Defendant Future Motion, and they were expected to reach, and did reach, Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Future Motion.

67.     Defendant Future Motion expressly represented and warranted in its promotional literature and social media that it's Onewheels, including the subject Onehweel, was a safe mode of transportation.

68.     The failure of the Pushback "safety" future breached express warranties.

69.     Plaintiff's injuries were a direct and proximate result of the breach of express warranties by Defendant Future Motion in that the Onewheels designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Future Motion were defective and unsafe.

     **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

70.     Plaintiff incorporates by reference paragraphs 1 - 48 as though set forth fully at length herein.

71.     Defendant Future Motion designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject Onewheel, which was purchased by Plaintiff.

72.     Defendant Future Motion holds itself out as a reputable designer, tester, manufacturer, packager, labeler and seller of electric skateboards, including the subject Onewheel.

73.     Plaintiff relied on Defendant Future Motion's reputation and representations in selecting and purchasing the subject Onewheel.

74.     Defendant Future Motion did not disclose that the Onewheel, including the subject Onewheel, are unsafe due to the failure of Push Back feature.

75.     The Onewheels were defective and unreasonably dangerous at the time they left the possession and control of Defendant Future Motion, and they were expected to reach, and did reach, Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Future Motion.

76.     Plaintiff's injuries were a direct and proximate result of the breach of the implied warranty of merchantability by Defendant Future Motion in that the Onewheel designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Future Motion did not conform to the promises or affirmations of fact made by Future Motion.

77.     The failure of the subject Onehweel to function properly breached the implied warranty of merchantability.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant Future Motion for damages, including punitive damages, to which he is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

- judgment for Plaintiff and against Defendant;

- damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Onewheel;

-  pre and post judgment interest at the lawful rate;

- exemplary, punitive, and treble damages on all applicable Counts as permitted by the law;

- a trial by jury on all issues of the case;

- an award of attorneys' fees; and

- for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: September 8, 2023                    **JOHNSON BECKER, PLLC**

*/s/ Michael K. Johnson, Esq.*
Michael K. Johnson, Esq. (MN #0258696)
Kenneth W. Pearson, Esq. (MN #016088X)
Adam J. Kress, Esq. (MN #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***

19